FILED
 2024 Jun-18  PM 03:29
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **VINCENT EARL BOGLIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )    Case No.   5:24-cv-00784-CLS |
| | ) |
| **AARON DANIEL, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

Vincent Earl Boglin, proceeding *pro se*, filed a Complaint against Aaron Daniel, Kenneth Sims, Michael Rains, Bonnie Temple, Keith Overholt, and the Downtown Rescue Mission. All individual defendants are agents and/or employees of the Downtown Rescue Mission. (Doc. no. 1). Boglin asserts that defendants violated his rights to due process, equal protection, free speech, and freedom of religion under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution when he was assaulted by an employee of the Downtown Rescue Mission, rendered homeless without due process when the Downtown Rescue Mission denied him access for ninety days, and discriminated against him because of his Muslim faith. He also asserts that the Downtown Rescue Mission failed to protect him from its employee's assault. As a remedy for those violations, he

requests $5,000,000 in damages, and injunctive relief requiring the institution of procedures to prevent similar violations in the future.

Boglin also filed a motion for leave to proceed *in forma pauperis* and for appointment of an attorney. (Doc. no. 2). The court GRANTS Boglin's motion to proceed *in forma pauperis,* but DENIES his motion for appointment of an attorney. However, for the reasons set out herein, the court DISMISSES this action WITH PREJUDICE for failing to state a claim on which relief can be granted.

Title 28 U.S.C. § 1915 provides, in relevant part:

> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * * * *
>
> (B) the action or appeal--
> (i) is frivolous or malicious; [or]
> (ii) fails to state a claim on which relief may be granted

In conducting its review of Boglin's complaint, the court is mindful that complaints by *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys, and are subject to liberal construction. *Taveras v. Bank of America, N.A.*, 89 F.4th 1279, 1285 (11th Cir. 2024) (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). However, the court may not "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citing *GJR Investments,*

*Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

> A plaintiff asserting a constitutional violation
>
> must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky,* 457 U.S. 991, 1002, 102 S. Ct. 2777, 73 L. Ed. 2d 534 (1982) (quoting *Shelley v. Kraemer,* 334 U.S. 1, 13, 68 S. Ct. 836, 92 L. Ed. 1161 (1948)).

*American Manufacturers Mutual Insurance Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). The Alabama Secretary of State's website lists the Downtown Rescue Mission as a domestic non-profit corporation, and the other defendants named in plaintiff's complaint are private individuals sued in their individual capacities, and in their capacities as employees or agents of the Downtown Rescue Mission.[1] Thus, Boglin cannot assert a claim for violation of constitutional rights against any of those defendants, because the Downtown Rescue Mission is not an arm of the state, and the individual defendants are not state actors.

Moreover, to the extent Boglin asserts any state law claims, he cannot satisfy the diversity jurisdiction requirements set forth in 28 U.S.C. § 1332, which confers

---

[1] *See* https://arc-sos.state.al.us/cgi/corpname.mbr/output.

3

subject matter jurisdiction on federal district courts when the matter in controversy exceeds $75,000, and the parties are citizens of different States.  28 U.S.C. § 1332(a)(1).  Boglin is homeless, but he formerly resided at the Downtown Rescue Mission in Huntsville, Alabama; there exists no indication he has departed Alabama; and his claims suggest he seeks re-entry to the Downtown Rescue Mission.   Boglin also provided the Clerk of Court with the address of a friend in Florence, Alabama, who agreed to receive case-related mail on his behalf.

These factors more establish Boglin's domicile within the State of Alabama. *See Henning v. Day*, No. 615CV927ORL40DAB, 2016 WL 1068482, at *10 (M.D. Fla. Mar. 18, 2016) (citations omitted) (when assessing the domicile of a homeless individual, the court considered, among other factors, "the place where the individual last lived prior to becoming homeless," and "where the individual receives important mail"); *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State.") (citations omitted) (emphasis in original)). Accordingly, all parties to this action are citizens of Alabama; complete diversity of citizenship is not present; and the diversity statute does not permit the exercise of federal jurisdiction over any state law claims.

Because Boglin has asserted no viable basis for relief, and no basis for the assertion of federal subject matter jurisdiction, the court will DISMISS this action WITH PREJUDICE. *See* 28 U.S.C. § 1915(e)(2)(B). The court will enter a separate Final Judgment.

**DONE** this 18th day of June, 2024.

_____
Senior United States District Judge